# LATTA *v.* GRANGER.

APPEAL FROM THE COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 303. Argued April 29, 1897. — Decided May 10, 1897.

By its decision in *Goode* v. *Gaines*, 145 U. S. 141, the court did not intend to be understood as holding that the rental value after the date of the rendition of the decree had not been satisfactorily determined, and had in mind in that regard only the exclusion from the decree of November 10, 1887, of the amount found due plaintiffs for rent prior to that date, together with interest thereon; nor that the finding by that decree of the then value of the improvements should be disturbed.

The reversal of that decree amounted to nothing more than a vacating of the accounting so as to permit of a modification thereof in particulars pointed out with sufficient precision in the opinion; and it might well be held that the Circuit Court had no power, under the mandate, to again go into the questions of rental rate and value of improvements, which had been determined, and that an accounting was only required to bring the amounts, including subsequent taxes, if any, paid by defendant, and interest down to date.

Apart from that, the rent prescribed by the lease did not appear from the extrinsic evidence to be unreasonable or excessive; nor does the additional evidence, when carefully analyzed, all the evidence being taken together, compel to any other conclusion.

It is clear that, under the circumstances, this is not a case for the application of the principle of the acceptance by an appellate court of the conclusions of a master, concurred in by the trial court, when depending on conflicting testimony; and this court cannot permit its views to be overcome by presumptions in favor of the second report and decree.

THE case is stated in the opinion.

*Mr. G. B. Rose* for appellants. *Mr. U.M. Rose* and. *Mr. W. E. Hemingway* were on his brief.

*Mr. John McClure* for appellees.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

W. H. Gaines leased a tract of ground now included in lot sixteen, block sixty-eight, Hot Springs, Arkansas, in 1875, for one year, with the right of renewal from year to year, until. the title. to the Hot Springs quarter section was settled, to Perry Huff at a rental of $160 a year, payable in monthly instalments.. The lot was described in the lease as sixteen feet. in width and the rate was, therefore, $10 per front foot. In 1876 the United States took possession of the lot, and, it is alleged, subsequently leased it to Huff through a receiver appointed by the Court of Claims, though no such lease is in the record. Afterwards Huff sold all his right, title and interest in the lot to Vina Granger and Eva M. James; who took with knowledge of the derivation of Huff's interest.

The general history of the litigation, of which this case is a branch, will be found in the *Hot Springs cases,* 92 U. S. 698, and *Rector* v. *Gibbon,* 111 U. S. 276.

This was a bill filed May 23, 1884, in the Circuit Court of the United States for the Eastern District of Arkansas by W. H. Gaines and wife against Perry Huff, Eva M. James and Vina Granger for a decree that the legal title of the lot was held by defendants in trust for plaintiffs, for possession, and for an accounting. The case in its progress was discontinued as against Huff and James, and executors were substituted as plaintiffs. A decree was rendered on March 2, 1887, transferring title from defendant Granger to plaintiffs, and directing defendant to make a deed accordingly; and the case was referred to a special master to ascertain and report the value of the rents of the lot since the award made by

the commissioners appointed under the act of Congress of March 3, 1877, 19 Stat. 377, c. 108; the amount of taxes paid by defendant on the lot since that award; and the value of the improvements made upon the lot before the award, and afterwards. This decree placed the then value of the lot at $5500. The master filed his report April 9, 1887, in which he found the rental value of the lot without improvements to be ten dollars per front foot per annum, and that the frontage was 21.2 feet; that the present value of the improvements was $1800; and the amount of taxes which had been paid.

On November 10, 1887, a final decree was rendered, overruling exceptions to the master's report, and stating an account between the plaintiffs and defendant as follows: The amount due to plaintiffs for rent "according to the terms of the lease, from the date of award to the date of filing of the bill in this case and interest"; the amount due plaintiffs "since said date and until the filing of the master's report, the rental value of the property, and interest annually," and the "amount of rent to date of this decree"; and, on the other hand, the amount due defendant for taxes paid and interest; the amount of purchase money paid by her to the Government for the lot and interest; and the present value of the improvements fixed at $1800. The account, as stated, left a balance due defendant of $555.12, for which recovery was decreed; and it was further decreed that plaintiffs be put in possession. From this decree an appeal was prayed to this court and the decree reversed. *Goode* v. *Gaines*, 145 U. S. 141.

We reversed that decree because, in view of the circumstances detailed in the opinion, we thought that the accounting should not be carried back of the filing of the bill, May 23, 1884, except as to one item. And it was said: "We are of opinion that the accounting between the parties should be stated both as to debit and credit from the 23d of May, 1884, with the exception of the credit for the amounts paid to the Government for the lots, of which payments we regard appellees as getting the entire benefit, and that no increased rent should be allowed on account of the improvements, as

appellees are only to be held to their value as of the date of
the decrees. In other words, appellants should be charged
with rental value from the date of the filing of the bills to
the rendition of the decrees, with interest, and should be
credited with taxes, etc., paid after the date of the filing of
the bills, with interest, and also with the amounts paid the
Government for the different parcels, with interest from the
dates of payment, as well as with the value of the improve-
ments, in each instance, at the time of the rendition of the
decrees."

That decision was rendered in several cases considered and
disposed of at the same time.

Our mandate having gone down to the Circuit Court "for
further proceedings to be had therein in conformity to the
opinion of this court," that court held that the defendant was
entitled to enter upon her defence as if the whole matter was
again at large. Thereupon plaintiffs made an application to
this court for a writ of mandamus commanding the judge of
the Circuit Court to carry out the decree heretofore made
in the cause by this court. The mandamus was granted and
the case is reported, *Gaines* v. *Rugg*, 148 U. S. 228, 240. Mr.
Justice Blatchford, delivering the opinion of the court, said :
"It is, we think, very plain that so much of the decree of the
Circuit Court of November 11, 1887, as was not disapproved
by this court still stands in full force. Whatever there is to
impair that decree must be sought for only in the opinion,
decree and mandate of this court. This court held that no
objection could be sustained to the provisions of the decree
of the Circuit Court as to the title. It found error only in
the rules prescribed by the Circuit Court for the taking of the
account, and the decree of that court was reversed only for
the purpose of taking an account according to the principles
laid down by this court. As the decree of the Circuit Court
in regard to the title was not invalidated by the action of this
court on the appeal, the Circuit Court had no right to set
aside that decree as respected the title nearly five years after
it was rendered. The decree was beyond the control of the
Circuit Court, unless on a bill of review duly filed, and the

time for filing a bill of review had long ago elapsed. The Circuit Court could do nothing to affect the decree, except in obedience to the mandate of this court."

After the mandamus was granted the Circuit Court entered the decree as ordered; and appointed another special master, directing him "to proceed to state an account between said parties according to the terms of this decree, and to that end he shall take testimony in writing of all witnesses produced, and shall report the same with all his proceedings and findings, herein to this court."

The statement of the account was in itself as the case stood a mere matter of computation, and the record does not show that there had been any surrender of possession or any other act after the decree of November 10, 1887, which would affect the final result. The master, however, instead of restating the account, corrected in the particulars indicated by us, proceeded to take new proofs as to rental value and the value of the improvements; and thereupon found the value of the improvements to be $2625, and cut down the rents to six dollars per front foot. The report was excepted to, the exceptions overruled, and a decree rendered January 23, 1894, that plaintiffs pay defendants the sum of $2316.23. From this decree plaintiffs prosecuted an appeal to the Circuit Court of Appeals for the Eighth Circuit, the decree was affirmed, and the case was then brought to this court. 32 U. S. App. 342.

In these proceedings in the Circuit Court there was error and its decree must be reversed. It is true that in *Goode* v. *Gaines* we said that defendants "should be charged with rental value from the date of the filing of the bills to the rendition of the decrees with interest," but we did not intend to be understood as holding that the rental value after that date had not been satisfactorily determined, and had in mind in that regard only the exclusion from the decree of November 10, 1887, of the amount found due plaintiffs for rent prior to that date, together with interest thereon. Nor did we intend that the finding by that decree of the then value of the improvements should be disturbed.

The reversal of that decree amounted to nothing more than

a vacating of the accounting so as to permit of a modification thereof in particulars pointed out with sufficient precision in the opinion, and it might well be held that the Circuit Court had no power, under our mandate, to again go into the questions of rental rate and value of improvements, for they had been determined, and an accounting was only required to bring the amounts, including subsequent taxes, if any, paid by defendant, and interest down to date.

But, apart from that, the rent prescribed by the lease was at the rate of ten dollars per front foot, and this did not appear from the extrinsic evidence to be unreasonable or excessive. Nor does the additional evidence, when carefully analyzed, all the evidence being taken together, compel to any other conclusion.

So that, without being absolutely controlled by the terms of the lease, and without attributing conclusive effect to the first report and the decree thereon, we remain of opinion that the rental value per annum of ten dollars per front foot, and the sum of eighteen hundred dollars as the value of the improvements, should be decreed. As to this last item, the lapse of time would not increase the value, and there is no evidence in the record of additional improvements since the filing of the bill, if subsequent improvements could in any aspect be allowed for.

And it should be observed that it is clear that, under the circumstances, this is not a case for the application of the principle of the acceptance by an appellate court of the conclusions of a master, concurred in by the trial court, when depending on conflicting testimony. We cannot permit our views to be overcome by presumptions in favor of this second report and decree.

The decree will be reversed at appellees' costs and the cause remanded to the Circuit Court with directions to enter a decree to the effect that all the right, title, claim and interest of defendant in and to lot sixteen, block sixty-eight, in the city of Hot Springs, Arkansas, be and the same is divested out of her and vested in said plaintiffs, and that defendant convey said lot to plaintiffs, or that a master do it for her; that plain-

tiffs have and recover of defendant the possession of said lot sixteen in block sixty-eight; and that a writ of possession issue, or that a copy of said decree be served upon her, which shall operate as such writ; that an account between plaintiffs and defendant be stated, and in doing so that defendant be charged with the rental value of the lot at ten dollars per front foot per annum from May 23, 1884, down to date of decree, with interest on the same from the end of each year at the rate of six per cent per annum; that plaintiffs be charged with all taxes paid by defendant on the lot since May 23, 1884, with interest on the same from time of payment until date of decree, at the rate of six per cent per annum; also with $1800, adjudged to be the value of improvements placed by defendant on said lot; also with the sum paid by defendant to the United States for the lot and interest thereon at the rate of six per cent per annum from the date of payment to date of decree; and that judgment be entered for the balance; and that plaintiffs recover their costs in the court below.

*Decree of the Circuit Court of Appeals reversed; decree of Circuit Court reversed, and cause remanded to that court with directions to enter a decree in conformity with this opinion.*

---

LATTA *v.* NEUBERT, No. 304; LATTA *v.* COHN, No. 326; LATTA *v.* RUGG, No. 327; LATTA *v.* GARNETT, No. 328; LATTA *v.* SUMPTER, No. 329. Appeals from the Circuit Court of Appeals for the Eighth Circuit.

THE CHIEF JUSTICE: The parties having stipulated that these cases shall abide the event of *Latta v. Granger,* just decided, the decrees of the Circuit Court of Appeals therein are severally reversed, and the decrees of the Circuit Court are also severally reversed, and the causes remanded to that court with directions to enter decrees in conformity with the opinion in *Latta v. Granger, ante,* 81.

*Ordered accordingly.*