GULF REFINING COMPANY v. J. T. McKERNAN, BUILDING INSPECTOR, ETC.

(Filed 17 September, 1919.)

**Appeal and Error — Findings — Remanding Case — Gasoline—Distributing Plants — Municipal Corporations—Cities and Towns—Ordinances—Rehearings.**

Upon suit to compel the proper officer of an incorporated town to issue a permit to the plaintiff to erect an oil or gasoline distributing plant for the handling of large quantities thereof at a certain place therein, the defendant denied his legal authority, or if otherwise, that the issuance of the permit was a matter of his discretion; and further, that the erection of the plant was in violation of certain ordinances of the town: *Held,* error for the lower court to issue the *mandamus* upon his opinion that the defendant was not vested with discretionary authority, and decline to pass upon the validity of the ordinances; and the case is remanded for him to make further findings of facts with reference to the ordinances, and whether the issuance of the permit will violate them or any of them.

ACTION tried before *Connor, J.,* at July Term, 1919, of LEE.

This was an application for a *mandamus* to compel the chief of the fire department and *ex officio* building inspector of Sanford to issue a permit for the erection of an oil or gasoline distributing plant in the said town, at the corner of the Southern Railway right of way and Washington Street, a fully itemized description of which accompanied the plaintiff's written application.

In his answer the defendant, among certain denials of the complaint and other matters alleged in defense, says:

1. That as the defendant is advised and believes he has no legal authority to issue a permit such as is desired by the plaintiff, and if the defendant has such authority that the issuance of such permit is within his sound discretion, in the exercise of which the court will not interfere.

2. That the plaintiff, through its authorized agent, A. W. Teague, made application to the board of aldermen for the town of Sanford, N. C., for permission to erect such buildings and structures desired for storing and distributing great quantities of gasoline, oil, and other

highly dangerous and inflammable substances, at a regular meeting of the said board held on 1 July, 1919, and the said board of aldermen, in the exercise of its discretion, refused and declined to grant permission for the erection of the buildings and structures referred to.

3. That the storing of gasoline and oil and other highly dangerous and inflammable material nearer than 1,000 feet from any residence or in any residential section of the town of Sanford, N. C., is contrary to the ordinances of the said town.

4. That the erection or construction of buildings or other structures designed for the purpose of storing large quantities of gasoline, oil, and other highly dangerous and inflammable substances is in violation of the ordinances of the said town.

5. That the issuance of the said permit referred to and requested by the plaintiff is a matter exclusively within the sound discretion and judgment of the proper authorities of the town of Sanford, N. C., in the exercise of inherent governmental functions pursuant to the Constitution and statutory authority conferred by ch. 380, Private Laws 1915.

It appeared that after this proceeding was commenced the board of aldermen of Sanford passed two ordinances forbidding the erection of such an oil and gasoline plant as that which is described by the plaintiff except under certain restrictions, "within 1,000 feet of any dwelling, or in any residential section within the corporate limits of the town of Sanford," and any violation of either of the two ordinances is made a misdemeanor with penalty prescribed. There was already an ordinance forbidding the location of such a plant in the town within 100 feet of any dwelling house.

The court was of the opinion, and so adjudged, that the defendant is not vested with any discretion to refuse the permit to the plaintiff, and it declined to decide the question as to the validity of the ordinance passed before the suit was commenced or the two ordinances which were passed in July, 1919, and above described, and directed the *mandamus* to issue. Defendant excepted and appealed.

*Hoyle & Hoyle for plaintiff.*
*Williams & Williams for defendant.*

WALKER, J., after stating the facts: We deem it impossible, or at least inadvisable, to decide upon the merits of this case and to render such a judgment as will finally settle it without a finding of the facts with reference to the three ordinances, and especially as to whether the proposed structures if placed upon the lot in Sanford, which has been described, will violate the provisions of the said ordinances, or any one

of them, and if so, which one of them. We therefore remand the case with instructions to find the facts as indicated above, to the end that the case may be fully considered.

This Court has the power to remand a case so that there may be a fuller finding of facts by the judge, and in order that the appeal may be more intelligently considered in every view of it. *Straus v. Beardsley,* 79 N. C., 59; *Gatewood v. Burns,* 99 N. C., 357; *Holly v. Holly,* 96 N. C., 229. This case is far too important in itself and in its results for us to decide it except upon the fullest showing as to the facts. The defendant pleaded the new ordinances, and their effect upon the case should be passed upon.

The case is therefore remanded with directions to find the facts relating to the two ordinances, and as to the other question, whether the plant proposed to be erected by the plaintiff will conform to their provisions, stating the location of the plant and its surroundings, and such other matters as will enable the court to determine whether the ordinances are applicable, and if so, to what extent. Our opinion as to the law is withheld until all the facts are before us.

We do not agree with the learned judge that the ordinances were not before him for his consideration and a determination as to whether or not they would affect the result, and if so, in what way and to what extent, but the facts should have been found. In this respect there was error. The judge will reconsider the case upon the new facts found by him and enter such judgment as he may deem to be proper. The case may be further heard at this term if so desired by the parties.

Defendant will pay the costs of this appeal to this time.

Error, and remanded with directions.