Civil action to determine the right of plaintiffs to hold certain collateral pledged as security for the payment of two certificates of stock in the Perpetual Building and Loan Association.
By stipulation of the parties and their counsel, duly entered of record, the fact situation was agreed upon and the cause submitted to the court for determination of the question in difference upon the facts agreed. These, so far as essential to our present disposition of the case, may be abridged and stated as follows:
1. On 1 July, 1921, the plaintiff, Edward Fulenwider, purchased forty-four shares of non-taxable, paid up, 5 per cent dividend-bearing stock of the Perpetual Building and Loan Association, and had forty shares issued in his own name and four shares issued in the name of his wife.
2. The fourth and seventh paragraphs, as they appear in the agreed statement of facts, are as follows:
"Fourth. That during the year of 1924, Rev. Edward Fulenwider, for himself and his wife, Mrs. Edward Fulenwider, served notice in writing on the Perpetual Building and Loan Association to redeem certificates of stock, and gave said notice of ninety days, as required by the by-laws and the certificates, and at the expiration of the ninety days notice given to pay the sum of $3,520 the Perpetual Building and Loan Association did not redeem said stock, but requested an extension of time to redeem the stock and agreed with the plaintiff, Rev. Edward Fulenwider, that if an extension of time was given that it would secure the payment of certificates of stock, amounting to $3,520, by depositing with him as collateral security one note and mortgage of W. L. Ross and wife in the sum of $5,000, and on these conditions the plaintiffs granted an extension to redeem or pay them $3,520 for said stock by the said Building and Loan Association, and by it turning over to, and hypothecating with, him as collateral security, said note and mortgage of the said W. L. Ross, as above set forth, and this agreement was carried into effect by the said Building and Loan endorsing and turning over to the plaintiff, Rev. Fulenwider, said note and mortgage of W. L. Ross.
That on repeated occasions thereafter the said Rev. Edward Fulenwider, on behalf of himself and Mrs. Edward Fulenwider, made demand on the Perpetual Building and Loan Association to accept a surrender of said certificates of stock and to pay to him the aforesaid $3,520 as evidenced thereby, but said association did not pay said amount and deferred the payment from time to time, promising to settle in the future early as possible.
That this condition of affairs continued, although repeated demands were made; that during the month of April, 1925, the said Perpetual Building and Loan Association asked of Rev. Edward Fulenwider permission *Page 253 
to withdraw the W. L. Ross note and mortgage he held as collateral for the payment of the aforesaid certificates of stock and to hypothecate, put up, and turn over, to him in exchange and in substitution, and upon the same conditions, as collateral security, another note and mortgage in the sum of $6,000 executed by W. A. Stoker and wife, Mrs. Sallie Mae Stoker, to said association, which note is dated 25 June, 1924, secured by mortgage registered in Book of Mortgages No. 88, page 152, to which reference is hereby made.
That at said time said association did not redeem said stock and again asked Rev. Edward Fulenwider for further extension of time to pay cash for said certificates; that at said time, April, 1925, the said Edward Fulenwider, for himself and his said wife, agreed to an exchange of the W. L. Ross note and mortgage as aforesaid for the W. A. Stoker note and mortgage, and pursuant to the aforesaid agreement the W. L. Ross collateral was withdrawn and the W. A. Stoker note and mortgage were substituted as collateral security for the payment of $3,520, as evidenced by said stock certificates, and thereupon, another extension of time was granted said association within which to pay said sum of $3,520, as evidenced by said stock certificates, and thereupon another extension of time was granted said association within which to pay said sum of $3,520 to plaintiffs.
"Seventh. That from the issuance of said certificates of stock up to 1 July, 1926, the plaintiffs retained their said stock and received five per cent dividends on said stock, which was paid by the Perpetual Building and Loan Association, and the plaintiffs are now stockholders in said association in the amount of said certificates."
3. The Perpetual Building and Loan Association was adjudged a bankrupt on 7 January, 1927, and D. A. Rendleman duly appointed trustee.
Upon these, the facts chiefly pertinent, the court held that the plaintiffs were entitled to the collateral in question and to apply the proceeds derived therefrom to the payment of their claims.
Defendant appeals, assigning error.
The trial court evidently interpreted the fourth paragraph of the agreed statement of facts to mean that the plaintiffs were creditors, and not stockholders, of the Perpetual Building and Loan Association at the time they took the collateral in question; and there is a view in which this interpretation would seem to be permissible. *Page 254 
4 R. C. L., 352; 9 C. J., 941. But if such be its meaning, then paragraphs four and seven of the agreed statement of facts are in conflict.
The cause, therefore, will be remanded for a consistent statement of facts or for trial by a jury. Otherwise, if the seventh paragraph of the agreed statement of facts is to control, probably the judgment should be reversed. C. S., 5180. But we do not pass upon the merits of the case in the present state of the record.
Error and remanded.