RALEIGH BANKING & TRUST COMPANY v. SAFETY TRANSIT LINES, INCORPORATED.

(Filed 4 March, 1931.)

1. **Corporations H c—Claim for breach of lease contract held provable against receiver as unsecured claim.**

Where a claim for damages has been filed with the receivers of a transit bus line for damages for a breach of contract as lessee of a union bus station in a city which was disallowed on the grounds that the lease was invalid, approved by the Superior Court judge, but reversed by the Supreme Court on appeal, holding the lease was valid and remanding the case for definite findings as to whether the lease had been breached: *Held*, on the second appeal upon the further findings that the lease had been broken by the insolvent corporation the claim is provable as an unsecured debt.

2. **Parties B b—Motion that proper party be joined as defendant is addressed to discretion of the trial court.**

The purchaser of a lease at the receiver's sale of an insolvent corporation is not a necessary party to enforce a claim filed with the receiver for damages for the breach of the lease contract by the insolvent corporation or its receiver, and the refusal of a motion to make such purchaser a party to the proceedings is not error, C. S., 460, if such purchaser is a proper party the motion is addressed to the sound discretion of the trial court and not reviewable on appeal.

3. **Jury C b—Waiver of jury trial at beginning of action applies to further proceedings after remand for finding of further facts.**

Where claims against an insolvent corporation are filed with its receiver, and the parties waive their right to a trial by jury, and on appeal the cause is remanded for further findings of fact, the receiver, having waived its right, may not successfully insist upon a trial by jury on the second hearing.

4. **Corporations H c—Claim for damages for breach of lease contract, filed after the date of the breach, is not premature.**

A cause of action for damages for the breach of a lease contract accrues from the date of the breach, and where a claim against a receiver, for breach of a lease contract by the insolvent corporation or the receiver is not filed until after the alleged breach, the receiver may not maintain that the claim was premature.

5. **Landlord and Tenant G b—Measure of damages for breach of lease contract.**

In this case *held:* measure of damages for breach of a lease contract were correctly assessed in accordance with *Monger v. Lutterloh*, 195 N. C., 274, and appellant's contention that the damages assessed were excessive cannot be sustained.

APPEAL by the receivers of the defendant, Safety Transit Lines, Inc., from *Daniels, J.,* at June Term, 1930, of WAKE. Affirmed.

This is an action for the appointment of receivers for the defendant, Safety Transit Lines, Inc., an insolvent corporation, and for other relief.

After the receivers were appointed, and while they were engaged in the performance of their duties, under the orders of the court, W. A. Royal and Graves J. Smith, trustees, filed with said receivers a claim for damages resulting from a breach by the defendant, its receivers or assigns, of a lease for a bus station located in Goldsboro, N. C., executed by the claimant, W. A. Royal, and assigned by him to Graves J. Smith, trustee.

This claim was considered by the receivers, and disallowed. Subsequently, at October Special Term, 1929, of the Superior Court of Wake County, the claim was heard by Harris, J. From judgment affirming the order of the receivers, and disallowing the claim, the claimants appealed to the Supreme Court.

Upon the hearing of said appeal at the Spring Term, 1930, of the Supreme Court, the assignments of error by appellants were sustained, 198 N. C., 675, 153 S. E., 158. The cause, however, was remanded to the Superior Court "in order that it may be specifically and definitely determined whether there was a breach of the lease by the Safety Lines, Inc., or its receivers, or the purchaser of the lease at the receivers' sale."

The cause was thereafter heard at June Term, 1930, of the Superior Court of Wake County. At this hearing, in accordance with the direction of the Supreme Court, the court found, from the evidence offered at the hearing:

"1. That there was no breach of the lease either by the Safety Transit Lines, Inc., or by the receivers thereof, prior to August, 1929;

2. That the lease agreement was broken by W. Bond Collins and his assignee, Safety Transit Company, both by its positive repudiation of the lease, and the denial of liability thereunder, early in August, 1929, and also by its abandonment of the property and failure to pay rent after 31 December, 1929;

3. The assignment of the lease did not release the Safety Transit Lines, Inc., and its receivers from liability thereunder, regardless of whether W. Bond Collins and his assignee, Safety Transit Company, assumed the obligations of the lease. Therefore, the receivers are liable to the claimants for damages sustained by the breach of the lease;

4. In accordance with the opinion of the Supreme Court, the claim of W. A. Royal and Graves J. Smith, trustee, against the receivers is allowed in the sum of $13,622.29, being the present cash value of the loss sustained."

From judgment allowing the claim of W. A. Royal and Graves J. Smith, trustee, for the sum of $13,622.29, and directing the receivers of the defendant, Safety Transit Lines, Inc., to pay dividends to the claimant on said claim, the receivers appealed to the Supreme Court.

*J. N. Smith and Kenneth C. Royall for claimants.*
*Wm. B. Jones and Clyde A. Douglass for receivers.*

CONNOR, J. On the former appeal in this cause, we were of opinion, and so held, that on the facts found by Judge Harris, the lease executed by the claimant, W. A. Royal, to the Safety Transit Lines, Inc., and others, for the bus station at Goldsboro, N. C., was valid, and that the defendant, Safety Transit Lines, Inc., at least, was liable by the terms of said lease, to the claimants in damages, if, as alleged by the claimants, there was a breach of the lease by the Safety Transit Lines, Inc., resulting in damages. We therefore sustained the assignments of error on said appeal based on exceptions by the appellants to the holding by Judge Harris that the lease was not valid, and that for that reason the claim of the claimants should be disallowed. The findings of fact made by Judge Harris, as to whether or not there was a breach of the lease by the Safety Transit Lines, Inc., were inconsistent and conflicting. Indeed, on his holding that the lease was invalid, and not binding on the Safety Transit Lines, Inc., it was immaterial whether or not there had been a breach of the lease. We were unable to determine on the record then before us, whether the judgment, from which the claimants had appealed, should be affirmed or reversed. If there had been a clear and unequivocal finding of fact as to this phase of the controversy, we would have affirmed, or reversed the judgment. If there had been a finding of fact, supported by competent evidence, that there had been no breach, we would have affirmed the judgment, on that ground. In the absence of such finding, we were of the opinion that the cause should be remanded to the Superior Court, "in order that it may be specifically and definitely determined whether there has been a breach of the lease by the Safety Transit Lines, Inc., or its receivers, or the purchaser of the lease at the receivers' sale." The cause was remanded in accordance with this opinion, and in accordance with our well-settled practice in such cases. *Fulenwider v. Rendleman,* 196 N. C., 251, 145 S. E., 722; *Gulf Refining Co. v. McKernan,* 178 N. C., 82, 100 S. E., 121; *Gaylord v. Berry,* 169 N. C., 733, 86 S. E., 623; *Smith v. Smith,* 108 N. C., 365, 12 S. E., 1045; *Knott v. Taylor,* 96 N. C., 553, 2 S. E., 680.

At the hearing of this cause by Judge Daniels, the receivers moved that the Safety Transit Company, the purchaser of the lease at the

14—200

sale by the receivers of the assets of the defendant, be made a party defendant. There was no error in the refusal of the court to allow this motion. A complete determination of the matters involved in the proceedings to enforce the claim against the receivers did not require the presence of the Safety Transit Company as a party defendant. This company was, therefore, not a necessary party, within the meaning of C. S., 460. At most the Safety Transit Company was only a proper party. The motion was therefore addressed to the discretion of the court. Its action on the motion is not reviewable. *Guthrie v. Durham,* 168 N. C., 573, 84 S. E., 859. Indeed, it may be doubted whether in a proceeding to enforce a claim against the receiver of an insolvent corporation, one claiming under the receiver, is even a proper party, on the contention that such party is secondarily liable to the claimant. This cause is not an action to recover damages for breach of a lease contract, but a proceeding to enforce a claim in a receivership.

The receivers further moved for a trial by jury of the issues involved in the claim filed with them by the claimants. At the hearing before Judge Harris, a trial by jury was expressly waived by both the receivers and the claimants, who both agreed that the judge should hear the evidence and pass upon the claim. The hearing by Judge Daniels was a continuation of the hearing by Judge Harris. The facts found by Judge Harris and set out in his judgment have not been disturbed. The hearing by Judge Daniels was for the purpose of finding additional facts, in accordance with the direction of this Court. The waiver of a jury trial at the first hearing continued in force until the final determination of all matters involved in the proceeding. There was no error in the refusal of the motion for trial by jury.

The receivers excepted to the judgment rendered by Judge Daniels, and on their appeal to this Court contend that there was error in said judgment for that the claim for damages resulting from the breach of the lease, was premature, and that the damages assessed are excessive in amount. Neither of these contentions can be sustained. The cause of action arose at the date of the breach, which was prior to the date of the filing of the claim. The damages were assessed in accordance with the rule approved in *Monger v. Lutterloh,* 195 N. C., 274, 142 S. E., 12, and suggested as the proper rule in the instant case by *Brogden, J.,* in his opinion on the former appeal in this cause. See 35 C. J., Art. Landlord and Tenant, sec. 502. We find no error. The judgment is

Affirmed.