## MUTUAL LIFE INS. CO. OF NEW YORK v. SAYRE.

### No. 5579.

Circuit Court of Appeals, Third Circuit.

Jan. 21, 1936.

Arthur G. Dickson, of Philadelphia, Pa. (Frederick L. Allen, of New York City, of counsel), for appellant.

Ruby R. Vale and John W. Dickerson, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

Edna B. Sayre, the plaintiff-appellee, has filed a petition to modify the order of this court entered on October 17, 1935, in conformity with its opinion wherein the court said in part:

"This instruction was erroneous and prejudicial to the defendant. Consequently a new trial will be granted as to double indemnity unless the plaintiff files a remittitur for the difference between $77,000, the amount of the judgment, and the face value of the policies, $51,000, with interest thereon from May 5, 1933, when the body was discovered, and due proof of death was made, until the day of payment, for under the evidence she is without question entitled to this latter amount. * * *

"If a remittitur is filed, the judgment as modified will be affirmed." 79 F.(2d) 937, 941.

The plaintiff-appellee in its petition asks either that the judgment of the District Court be affirmed, or that the judgment be affirmed as to the sum of $51,000, with interest from May 5, 1933, and a new trial be granted on the question of double indemnity provided in two of the policies on the life of the insured.

On the appeal, the Mutual Life Insurance Company, the defendant-appellant, contended that there was insufficient evidence to support the findings of the jury as to the death of the decedent; that he died on or about January 7, 1931; and that he died from bodily injury effected solely through external, violent, and accidental means. This court held that there was substantial evidence to prove the insured's death and the date of his death. But it did not pass upon the question of the means of the insured's death for the reason that it was the opinion of the court that the trial judge had erred in charging the jury as to the evidence necessary to comply with the double indemnity feature of the policy. It was the intention of the court to grant a new trial as to the third issue of fact; namely, the means of the death of the insured.

The court mistakenly ended its opinion with the statement, "if a remittitur is filed, the judgment as affirmed will be modified."

Under the authorities the court may grant a new trial as to the single issue of whether or not the insured died by accidental means within the terms of the policies. Gasoline Products Company v. Champlin Refining Company, 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188; May Department Stores v. Bell (C.C.A.) 61 F.(2d) 830, 836.

Consequently, the judgment is affirmed for $51,000, with interest from May 5, 1933, and a new trial is granted as to the question of double indemnity.