MEMORIAL HOSPITAL v. ROCKINGHAM COUNTY.

(Filed 27 January, 1937.)

**Appeal and Error § 52—**

Where the judgment entered by the court after waiver of trial by jury does not contain sufficient facts to enable the Supreme Court to decide the question of law sought to be determined, the case will be remanded.

APPEAL by plaintiff from *Shaw, Emergency Judge,* at September Term, 1936, of ROCKINGHAM.

Civil action to determine liability of plaintiff's predecessor in title, Ann Penn Memorial Hospital, for *ad valorem* taxes assessed in 1931.

Upon the hearing, a jury trial was waived and the parties agreed to submit the facts and the law to the court for determination.

The judgment recites that after hearing the cause "upon pleadings, admissions, evidence, and argument of counsel," the court being of

opinion that the hospital referred to in the pleadings was "not exempt from taxation," entered judgment accordingly, from which the plaintiff appeals, assigning error.

*D. F. Mayberry and Hunter K. Penn for plaintiff, appellant.*
*Brown & Trotter for defendant, appellee.*

STACY, C. J.   We deem it inadvisable to make final disposition of the question sought to be presented, because the record is barren of any factual determination.   It was agreed that this should be done by the court, but in drawing the judgment, which was evidently prepared by counsel, the factual basis of the judgment was omitted.   A finding of the facts is desirable in order that we may determine the question of law or legal inference which the parties wish decided.   *Refining Co. v. Mc-Kernan,* 178 N. C., 82, 100 S. E., 121; *Trust Co. v. Transit Lines,* 198 N. C., 675, 153 S. E., 158; *S. c.,* 200 N. C., 415, 157 S. E., 62, and cases there cited.   To this end, the judgment will be vacated and the cause remanded to the Superior Court of Rockingham County for further proceedings as to justice appertains and the rights of the parties may require.

Error and remanded.