### McCARTHY et al. v. WYNNE et al.

### No. 2377.

Circuit Court of Appeals, Tenth Circuit.

Feb. 26, 1942.

Rehearing Denied April 14, 1942.

R. M. Williams, of Oklahoma City, Okl. (J. H. Miley and Miley, Hoffman, Williams, France & Johnson, all of Oklahoma City, Mo., on the briefs), for appellants.

Rayburn L. Foster, of Bartlesville, Okl. (Paul G. Darrough, of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This cause was before this court on a prior appeal. See Wynne v. McCarthy, 10 Cir., 97 F.2d 964.

Colonial Supply Company, an Oklahoma corporation, hereinafter referred to as Colonial, was engaged in the business of selling oil well supplies. It maintained stocks at Henryetta and Wewoka, Oklahoma. On December 19, 1924, Colonial and McCarthy entered into a written contract whereby Colonial agreed to sell to McCarthy approximately 65 per cent of the supplies located at Henryetta and Wewoka, at 75 per cent of the then factory price thereof, and to consign to McCarthy the remainder of the supplies. It provided that Colonial should ship the supplies to Wortham, Texas, and that the supplies to be sold and the supplies to be consigned should be designated and specifically agreed to, upon their removal from the cars at Wortham, Texas. In a note to our opinion on the prior appeal, the contract is set out in full. On April 13, 1925, Colonial assigned the contract to Wynne.

The allegations in Wynne's petition and amended petition are set forth at length

in our prior opinion and need not be reiterated here. Suffice it to say, as held in our prior opinion, that Wynne alleged facts constituting conversion of the goods by McCarthy and asserted he was entitled to recover from McCarthy the factory price of the goods, but offered to do equity should the court find that McCarthy was entitled to any discount.

In July, 1933, counsel for Wynne and McCarthy, respectively, entered into a written agreement whereby it was agreed that the case of Wynne v. McCarthy, No. 6192 Law, pending in the District Court of the United States for the Eastern District of Oklahoma, in which Wynne had obtained personal service of process on McCarthy, would be dismissed; that Wynne would withdraw his motion to remand; that McCarthy would withdraw his special appearance and motion to quash the summons and service thereof in the instant case and enter his general appearance therein; that the cause was properly on the equity docket; that the cause should be tried without a jury and might be referred to a special master to hear the evidence, and make findings of fact and conclusions of law in accordance with the Federal Equity Rules, 28 U.S.C.A. § 723 Appendix.

Thereafter, McCarthy entered his general appearance in the instant case and filed an answer and cross complaint.

The cause was referred to a special master who took the proof and made findings of fact and conclusions of law.

The findings of fact made by the master are set forth at length in our prior opinion. We need observe here only that the master found that upon receipt of the supplies, McCarthy immediately placed them in his stock of other like supplies and offered them for sale in the ordinary course of business. The master recommended judgment in favor of Wynne for $10,790.29. On exceptions to the master's report, the trial court reduced the factory price of the goods upon which the master predicated his findings from $28,782.35 to $23,782.35, and entered a decree awarding Wynne judgment against McCarthy for $5,790.29. From that judgment, Wynne prosecuted an appeal and McCarthy a cross-appeal.

On the prior appeal we held that except as to certain deductions credited to McCarthy, the evidence fully supported the findings of the master; that under § 104, O.S.1931, 12 Okl.St.Ann. § 98, as construed by the Supreme Court of Oklahoma, the period McCarthy was absent from the state after the cause of action accrued should be excluded in computing the period of limitations and that the action was not barred; that the contract provided the goods to be sold and the goods to be consigned should be specifically designated and agreed upon; that no selection or agreement was ever made, and, therefore, no legal obligation arose under the contract; that the contract never became obligatory on either party and since the title to the goods never passed to McCarthy, Wynne's remedy was an action for conversion or upon an implied promise to pay the value of the goods; that under the law of Texas, which controlled, the measure of damages, whether the action be for a wrongful conversion or for the value of the property converted upon the promise which the law implies from the conversion, was the reasonable value of the property at the time of the conversion, measured by the market value thereof if it had a market value at the time of the conversion, with interest from the date of the conversion; and that the measure of damages pleaded in the petition. was not applicable.

We ordered that the judgment be vacated and the cause remanded with instructions to permit Wynne to amend his petition and to proceed further in accordance with our opinion.

On remand, Wynne amended his petition and alleged, as the master had found, that on or about February 10, 1925, McCarthy placed the supplies in his stores, commingled them with other like goods, and offered them for sale in the usual course of business; that in so doing he was guilty of conversion and became liable to Wynne for the reasonable value of the property, with interest from date of conversion at six per cent per annum; that the reasonable market value of the supplies at the time of the conversion was $38,980, and that the actual and replacement value was $38,980; that McCarthy was entitled to certain credits; and prayed for judgment for $26,165.90. McCarthy tendered an answer and counterclaim in which he pleaded the statute of limitations and other alleged defenses, and filed a demand for a jury trial. At a pretrial hearing, the trial court held that the only issue left for trial was the value of the property at the time of the conversion and denied the demand for a jury trial.

The trial court found that the value of the goods converted at Wortham and Vernon, Texas, on February 15, 1925, was $24,998.34, and that McCarthy was entitled to a credit of $11,847.39. A judgment was rendered for the balance, with interest at six per cent from February 15, 1925. McCarthy has appealed.

■ The agreement entered into by Wynne and McCarthy in July, 1933, was not an ordinary waiver of trial by jury. It was in the nature of a private contract. The agreement of Wynne to dismiss his action pending against McCarthy in the Eastern District of Oklahoma, wherein Wynne had obtained personal service on McCarthy, was a forbearance of a legal right and constituted a consideration sufficient to support the agreement. The agreement was neither illegal nor contrary to public policy and we know of no reason why it should not have been enforced. We hold that it was binding upon the parties throughout the proceeding and that McCarthy had no right to withdraw therefrom when we remanded the cause for further proceedings upon the single issue of the amount of damage.[1]

The issues as to the statute of limitations, McCarthy's counterclaim, and the right of Wynne to recover for conversion or on implied contract were all determined adversely to McCarthy by the findings of the master and our prior decision. The only issue remaining was the value of the supplies for which McCarthy was liable to Wynne in conversion or on implied contract.

■■ At the first trial the master and the trial court, and on the prior appeal this court, because of the agreement of the parties, treated the suit as one in equity and proceeded accordingly. The suit had equitable features. It was necessary to determine the items of supplies received by McCarthy and the nature and character thereof. Mutual credits had to be settled. The matters to be inquired into were complicated and involved. Wynne sought an accounting. The action of assumpsit on implied contract for goods had and received is a remedy which is equitable in origin and character.[2] Under the circumstances, we were justified, we think, in reviewing the matter on appeal as in equity.[3]

■ It is proper practice in equity to remand a cause for further hearing upon a specific issue or issues.[4]

■ Even if the action be regarded as one at law, an issue once correctly determined need not be tried a second time, even though justice demands that another distinct issue, because erroneously determined, must again be passed on by the trier of the facts, provided the erroneous issue is so distinct and separable from the others that a trial of it alone may be had without injustice.[5]

■ Hence, when we remanded the cause it was for the purpose only of alleging the proper measure of damages and introducing proof on that issue and not for a new trial of all the issues. Our mandate on the prior appeal directed an amendment as to the measure of damages and a further hearing upon the amount of damages. The trial court properly construed and followed our mandate.

■ The finding of the trial court as to the value of the supplies is supported by substantial evidence and is not clearly erroneous and is, therefore, binding on this court. See Rule 52(a), Rules of Civil Pro-

[1] See Park v. Mighell, 7 Wash. 304, 35 P. 63; Raleigh Banking & Trust Co. v. Safety Transit Lines, 200 N.C. 415, 157 S.E. 62, 64.

[2] Atlantic Coast Line R. Co. v. Florida, 295 U.S. 301, 309, 55 S.Ct. 713, 79 L. Ed. 1451; Stone v. White, 301 U.S. 532, 534, 57 S.Ct. 851, 81 L.Ed. 1265; Ryan v. Alexander, 10 Cir., 118 F.2d 744, 748; Moses v. Macferlan, 2 Burr. 1005 (K. B. 1750).

[3] See Twist v. Prairie Oil Co., 274 U.S. 684, 47 S.Ct. 755, 71 L.Ed. 1287; Goffe & Clarkener v. Lyons Milling Co., D.C.Kan., 26 F.2d 801; Lyons Milling Co. v. Goffe & Carkener, 10 Cir., 46 F. 2d 241, 245, 83 A.L.R. 501.

[4] Wayne County Supervisors v. Kennicott, 94 U.S. 498, 499, 24 L.Ed. 260; Gaines v. Rugg, 148 U.S. 228, 239–241, 13 S.Ct. 611, 37 L.Ed. 432; Clarke v. Hot Springs Electric Light & Power Co., 10 Cir., 76 F.2d 918, 920; Latta v. Granger, 167 U.S. 81, 85, 86, 17 S.Ct. 746, 42 L.Ed. 85; Ellis v. Reed, 9 Cir., 258 F. 919.

[5] Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 498, 500, 51 S.Ct. 513, 75 L.Ed. 1188; May Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830, 842, 843; Mutual Life Ins. Co. of New York v. Sayre, 3 Cir., 81 F.2d 752; Empire Fuel Co. v. Lyons, 6 Cir., 257 F. 890, 897, 898.

cedure, 28 U.S.C.A. following section 723c; Viles v. Prudential Ins. Co. of America, 10 Cir., 107 F.2d 696.

The judgment is affirmed.