N.C. STATE BAR v. RUSH

[121 N.C. App. 488 (1996)]

THE NORTH CAROLINA STATE BAR, PLAINTIFF v. GERALD E. RUSH, ATTORNEY
DEFENDANT

No. COA95-40

(Filed 6 February 1996)

**Attorneys at Law § 85 (NCI4th)— disciplinary action against attorney—failure of committee's order to state findings of fact and conclusions of law—no requirement that attorney be convicted of crime**

In a disciplinary action against defendant attorney based upon accusations of inappropriate sexual touchings and behavior, it was unclear whether the allegations were dismissed by a committee of the Disciplinary Hearing Commission because they did not adversely reflect on defendant's honesty, trustworthiness, and fitness as a lawyer, or because the State Bar failed to sufficiently prove the allegations, or because defendant was not convicted of a crime, and the case is remanded to the committee to issue an order containing complete findings of fact and conclusions of law supporting its decision. If the reasoning behind the dismissal was solely because defendant was never convicted of a crime, then the hearing committee erred.

**Am Jur 2d, Administrative Law § 95.**

Appeal by plaintiff from order entered 21 July 1994 by the Disciplinary Hearing Commission of the North Carolina State Bar. Heard in the Court of Appeals 19 October 1995.

The North Carolina State Bar (the State Bar) brought this disciplinary action against defendant attorney Gerald E. Rush based upon the allegations of four complaining witnesses. The complainants, who included clients and a relative of a client, accused Rush of inappropriate sexual touchings and behavior. The case was heard 14 and 15 July 1994 before a hearing committee of the Disciplinary Hearing Commission of the State Bar composed of Samuel Jerome Crow, Mary Elizabeth Lee, and A. James Early, III. At the close of its evidence, the State Bar voluntarily dismissed one of the complaints. One of the complainants failed to appear and testify, and her allegations were also dismissed.

The remaining complainants, Shirley Rushing and Priscilla Chambers Brown, accused Rush of unwanted sexual touchings and

inappropriate sexual remarks. Brown had previously filed criminal charges against Rush for assault on a female and false imprisonment. Rush was found guilty of assault on a female in Rowan County District Court and appealed his conviction to superior court, where his first trial ended in a hung jury. At his second criminal trial in superior court, the State took a voluntary dismissal after the trial court excluded certain testimony from evidence.

In a 2-1 decision, the hearing committee held the State Bar did not meet its burden of proof to show Rush committed a criminal act against Ms. Rushing. The majority also held Rush should not be *"professionally* answerable" for his alleged misconduct involving Ms. Brown when he had "not been convicted of a crime." Committee member Early dissented from the opinion, stating he felt Rush's conduct constituted a criminal act adversely reflecting on Rush's fitness as a lawyer and demonstrating a breach of trust undermining the attorney-client relationship. Early further stated his opinion that a defendant need not be convicted of a crime to be in violation of Rule 1.2(B) of the Rules of Professional Conduct. From the order dismissing the action against Rush, the State Bar appeals.

*Fern E. Gunn, Deputy Counsel, North Carolina State Bar, for plaintiff-appellant,*

*Cheshire & Parker, by Alan M. Schneider, and Gerald E. Rush, pro se, for defendant-appellee.*

McGEE, Judge.

The order of the hearing committee of the Disciplinary Hearing Commission of the State Bar dismissing the action against Rush does not contain findings of fact or conclusions of law. Rules and Regulations of the North Carolina State Bar (State Bar Rules) Subch. B, § .0109(5) states a hearing committee of the Disciplinary Hearing Commission has the power and duty to make findings of fact and conclusions of law when holding a hearing on a complaint of attorney misconduct. The Rules also state that after a hearing, the hearing committee, whether it dismisses the complaint or finds the charges have been proven, "will file an order which will include the committee's findings of fact and conclusions of law." State Bar Rules Subch. B, § .0114(u).

On appeal, it is this Court's duty "to determine whether after applying the whole record test, the DHC's findings are properly sup-

ported by the record even though we might have reached a different result had the matter been before us *de novo.*" *North Carolina State Bar v. Nelson,* 107 N.C. App. 543, 550, 421 S.E.2d 163, 166 (1992), *affirmed,* 333 N.C. 786, 429 S.E.2d 716 (1993). We cannot determine if the findings are supported by the record in this case in the absence of such findings. It has long been the rule that an appellate court "has the power to remand a case so that there may be a fuller finding of facts by the [factfinder], and in order that the appeal may be more intelligently considered in every view of it." *Refining Co. v. McKernan,* 178 N.C. 82, 84, 100 S.E. 121, 122 (1919). This is especially true where "[the] case is far too important in itself and in its results for us to decide it except upon the fullest showing as to the facts." *Id.* Because the order lacks proper findings, and because the reasoning behind the majority's holding is unclear, we remand this case to the committee to enter the required findings of fact and conclusions of law.

The order appears to hold the State Bar did not prove Ms. Rushing's allegations under a clear, cogent, and convincing burden of proof standard. However, the order is especially unclear as to whether the allegations of Ms. Brown were dismissed because they do not adversely reflect on Rush's honesty, trustworthiness and fitness as a lawyer, or because the State Bar failed to sufficiently prove the allegations, or because Rush was not convicted of a crime. We note that if the reasoning behind the dismissal of Ms. Brown's allegations was solely because Rush was never convicted of a crime, the committee erred.

Rule 1.2(B) of the Rules of Professional Conduct states it is professional misconduct for a lawyer to commit a criminal act reflecting adversely on the lawyer's honesty, trustworthiness or professional fitness. The rule does not require a conviction, only that a criminal act be committed. Further, this Court has previously held that a disciplinary proceeding is not barred because it is based upon acts constituting a crime that cannot be prosecuted in a criminal action due to the applicable statute of limitations. *State Bar v. Temple,* 2 N.C. App. 91, 95, 162 S.E.2d 649, 652 (1968). Therefore, conviction of a crime is not a necessary element in a disciplinary proceeding.

To find a sanctionable act, the committee must first find the State Bar has proved by clear, cogent, and convincing evidence the charges of misconduct. State Bar Rules Subch. B, § .0114(u). The burden of proof is lower than in a criminal trial because the purpose of the pro-

ceedings is different. "Discipline for misconduct is not intended as punishment for wrongdoing but is for the protection of the public, the courts, and the legal profession." State Bar Rules Subch. B, § .0101. Once the State Bar meets its burden of proving misconduct, the committee must determine whether such misconduct adversely reflects on the defendant's fitness to practice law.

The State Bar invites this Court to rule as a matter of law that Rush's alleged actions constitute misconduct adversely reflecting on his honesty, trustworthiness, and fitness to practice law. In support of this request, the State Bar cites numerous cases from other states which have held similar conduct to be sanctionable as adversely reflecting upon an attorney's professional fitness. However, such a ruling is inappropriate in this case without a proper order containing findings of fact and conclusions of law upon which to base our decision. On remand, the committee must determine and make clear in its order whether the State Bar has met its burden of proving misconduct by Rush by clear, cogent, and convincing evidence. If the allegations are proven, the committee must then determine if such acts of misconduct constitute conduct adversely reflecting on Rush's honesty, trustworthiness, and fitness to practice law.

Because of the importance of these matters to the parties, the public, and the legal profession, we must remand this case to the committee to issue an order containing complete findings of fact and conclusions of law supporting its decision. It is in the committee's discretion whether it has sufficient evidence already present in the record to issue its order or whether additional evidence must be heard.

Remanded.

Judges MARTIN, John C., and JOHN concur.