THE NORTH CAROLINA STATE BAR, COMPLAINANT, v. ELAM REAMUEL
TEMPLE, ATTORNEY AT LAW, JOHNSTON COUNTY, SMITHFIELD, NORTH
CAROLINA, RESPONDENT

No. 68SC93

(Filed 14 August 1968)

**1. Attorney and Client § 10—   disbarment proceedings — council of State Bar — demand for jury trial**

G.S. 84-28 authorizes the council of the North Carolina State Bar to hear and determine charges and to invoke the processes of the courts in disciplinary and disbarment proceedings against any member of the North Carolina State Bar, and provides that the person charged may demand a trial by jury.

**2. Pleadings § 19—   demurrer — construction of pleadings**

Upon demurrer, a pleading will be liberally construed with a view to substantial justice between the parties, giving the pleader the benefit of every reasonable intendment in his favor.

**3. Pleadings §§ 19, 26—   demurrer — when sustained**

A demurrer will be sustained only when the pleading is wholly insufficient or fatally defective.

**4. Pleadings § 19—   office of demurrer**

The demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated and relevant inferences of fact reasonably deducible therefrom.

**5. Attorney and Client § 11—   disbarment proceedings — grounds for disbarment — statement of cause of action**

In a proceeding to disbar an attorney for engaging in conduct involving willful deceit and fraud, engaging in activity showing professional unfitness, and practicing fraud upon the courts of this State, allegations that respondent attempted to engage in illegal traffic of counterfeit money, that respondent fraudulently prepared or caused to be prepared false affidavits relating to the probate of a will and engaged in other specified fraudulent activities in connection with the estate, and that respondent fraudulently altered a note and deed of trust and had them recorded, *are held* to state a cause of action for respondent's disbarment sufficient to survive demurrer.

**6. Pleadings § 26—   defective statement of cause of action — demurrer — motion to dismiss**

A defective statement of a cause of action is a ground for demurrer but not for a motion to dismiss.

**7. Pleadings § 42—   motion to strike after answer filed**

The granting or denial of a motion to strike allegations of the complaint made after answer has been filed rests in the discretion of the court.

8. **Attorney and Client § 10— disbarment proceedings — statute of limitations**

    The plea of the statute of limitations is not available in disbarment proceedings.

9. **Evidence § 11— dead man's statute — conversations and transactions by respondent with deceased's third party**

    In a trial for the disbarment of an attorney, testimony by witnesses as to transactions and conversations between respondent attorney and third parties who were deceased at the time of the trial *is held* not violative of G.S. 8-51 and is properly admitted.

10. **Witnesses § 2— subpoenas — U. S. Secret Service Agent — federal regulations**

    In a trial for the disbarment of an attorney, the trial court properly granted the motion of the U. S. Government to quash subpœnas of respondent directed to U. S. Secret Service Agents where respondent failed to comply with federal rules and regulations for summoning such agents.

11. **Attorney and Client § 11— disbarment — sufficiency of evidence**

    In a trial for the disbarment of an attorney, the evidence *is held* sufficient to be submitted to the jury upon charges that respondent attempted to engage in illegal traffic of counterfeit money, that respondent fraudulently prepared or caused to be prepared false affidavits relating to the probate of a will and engaged in other fraudulent activities in connection with the estate, and that respondent fraudulently altered and recorded a note and deed of trust.

APPEAL by respondent from *Martin, S.J.,* October 1967 Session JOHNSTON Superior Court.

Complainant instituted this action pursuant to Chapter 84 of the General Statutes. The complaint is briefly summarized as follows: (Numbers ours.)

(1) Respondent is and was at all times referred to in the complaint an attorney at law licensed to practice in North Carolina and is and was subject to the rules and regulations of complainant and the laws of North Carolina.

(2) While acting as an attorney and as an individual, respondent did unlawfully and wilfully (a) engage in conduct involving willful deceit and fraud, (b) engage in activity showing professional unfitness, and (c) did practice chicanery and fraud upon the courts of this State.

(3) As A FIRST CAUSE OF ACTION: On or about 18 July 1963, respondent attempted to engage in illegal traffic of counterfeit money.

(4) As A SECOND CAUSE OF ACTION: In November, 1964, respondent prepared or caused to be prepared certain affidavits and

engaged in other activities in connection with the estate of one Nancy Williams, all of which were false, erroneous or untrue.

(5) AS A THIRD CAUSE OF ACTION: In the summer of 1964, respondent altered a promissory note and deed of trust which Nancy Williams had executed in his favor in January, 1964, by increasing the amount of said note and deed of trust from Two Hundred Dollars to Twenty-Two Hundred Dollars, without the knowledge and consent of the said Nancy Williams, and caused said altered deed of trust to be recorded in the Johnston County Registry.

Respondent filed answer denying the material allegations of the complaint and requested a trial by jury. Thereafter, on 13 January 1967, he filed a demurrer and motion to dismiss which was heard and denied by Clark, J., on 23 January 1967. On 28 January 1967, respondent filed a motion to strike and a plea in bar and plea of statute of limitations; by order dated 27 February 1967, Mallard, J., denied the motion to strike.

Issues were submitted to and answered by the jury as follows:

"1. Did the respondent, Elam Reamuel Temple, on or about July 18, 1963, attempt to engage in the illegal traffic of counterfeit money, as alleged in the Complaint?

Answer: Yes.

"2. Did the respondent, Elam Reamuel Temple, on or about November 16, 1964, willfully and fraudulently prepare or cause to be prepared false affidavits in connection with the purported or duplicate original Last Will and Testament of Nancy Williams, which the respondent knew to be false and erroneous, as alleged in the Complaint?

Answer: Yes.

"3. Did the respondent, Elam Reamuel Temple, willfully and fraudulently procure or cause to be procured the signature of one Thomas Jones as a witness to a paper writing purporting to be a duplicate original Last Will and Testament of Nancy Williams subsequent to her death, as alleged in the Complaint?

Answer: Yes.

"4. On or about November 16, 1964, did the respondent, Elam Reamuel Temple, willfully and fraudulently offer or cause to be offered false and erroneous affidavits to the Clerk of the Superior Court of Johnston County in connection with the

probate of the purported duplicate original Last Will and Testament of Nancy Williams, as alleged in the Complaint?

Answer:   Yes.

"5.   Did the respondent, Elam Reamuel Temple, willfully and fraudulently alter a note and deed of trust from one Nancy Williams to Dan Perry, Trustee, for the benefit of Elam Reamuel Temple, by willfully and fraudulently changing the amount from $200.00 to $2200.00 without the knowledge and consent of Nancy Williams, as alleged in the Complaint?

Answer:   Yes.

"6.   Did the respondent, Elam Reamuel Temple, willfully and fraudulently offer or cause to be offered to the Clerk of the Superior Court of Johnston County a fraudulently altered note and deed of trust for recordation as shown in Book 629, page 19, in the Office of the Register of Deeds of Johnston County, as alleged in the Complaint?

Answer:   Yes."

From judgment entered on the verdict disbarring respondent from the practice of law in the State of North Carolina and taxing him with the costs of court, respondent appealed.

*Robert B. Morgan and B. E. James, Attorneys for Complainant appellee.*

*Elam Reamuel Temple, Attorney pro se.*

BRITT, J.

**[1]**   G.S. 84-28 deals with discipline and disbarment of attorneys. It authorizes the council of the North Carolina State Bar or any committee of its members appointed for that purpose, or designated by the Supreme Court, to have jurisdiction to hear and determine complaints, charges of malpractice, corrupt or unprofessional conduct, or other allegations made against any member of the North Carolina State Bar. Subsection (3) provides that the processes of the courts may be invoked to carry out the purposes of Chapter 84 but provides that the person charged may demand a trial by jury.

In his appeal to this Court, respondent made numerous assignments of error to the trial proceedings. We will discuss those we deem pertinent to the appeal.

He contends that the trial court committed error in overruling

his demurrer and motion to dismiss, his motion to strike, and his plea of the statute of limitations.

[2-5]   It is well established that upon demurrer a pleading will be liberally construed with a view to substantial justice between the parties, giving the pleader the benefit of every reasonable intendment in his favor. A demurrer will not be sustained unless the pleading is wholly insufficient or fatally defective. A demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated, and relevant inferences of fact reasonably deducible therefrom. 6 Strong, N. C. Index 2d, Pleadings, § 19, p. 325, citing numerous authorities. The allegations in the complaint in this action were amply sufficient to survive demurrer.

[6]   Respondent's demurrer and motion to dismiss were based on the contention that the facts as alleged do not constitute a cause of action. In *Bowling v. Burton,* 101 N.C. 176, 7 S.E. 701, our Supreme Court held that a defective statement of a cause of action is ground for demurrer but not for a motion to dismiss the action. Respondent was not entitled to have his motion to dismiss granted.

[7]   Respondent's motion to strike, denied before the action came on for trial, was made after answer was filed. Granting or denial of the motion then became a matter of discretion for the court, and Judge Mallard properly exercised his discretion in denying the motion. *Brown v. Ball,* 226 N.C. 732, 40 S.E. 2d 412. Furthermore, we find that the motion to strike was without merit, and respondent's assignment of error relating thereto is overruled.

[8]   The plea of the statute of limitations is not available to respondent in this action. In 7 Am. Jur. 2d, Attorneys, § 62, p. 86; Annotation, 45 A.L.R. 1110, it is said:

"Disciplinary proceedings are not barred by the general statute of limitations. Nor is a disciplinary proceeding barred because it is grounded on acts that also constitute a crime that cannot be prosecuted in a criminal action because of limitations."

[9]   Respondent contends that the trial court erred in permitting certain witnesses to testify as to transactions and conversations between the respondent and third parties who were deceased at the time of the trial, contending that the evidence was violative of G.S. 8-51. We hold that said testimony was not violative of the statute and that the assignments of error relating thereto are without merit.

[10]   Assignments of error were also made to the trial court's granting the motion of the U. S. Government to quash the subpœnas

of respondent directed to U. S. Secret Service Agents Spicer and Tarlton. Certain rules and regulations are prescribed by the Federal Government for the summoning of Secret Service Agents; the record discloses that respondent failed to comply with the regulations, therefore, we hold that his assignments of error relating thereto are without merit.

[11]   Respondent assigns as error the failure of the trial court to grant his motion for judgment as of nonsuit made at the close of complainant's evidence and renewed at the conclusion of all the evidence. We hold that the evidence was more than sufficient to support complainant's complaint and to withstand motions for nonsuit.

On its first cause of action, complainant introduced evidence showing that respondent approached one Jesse Noah Williams and tried to get him to work with respondent in purchasing counterfeit money. Pursuant to his conversation with Williams, the evidence disclosed that respondent met with Secret Service Agent Huff, posing as Williams' brother-in-law, and attempted to consummate a transaction involving counterfeit money. The testimony also showed that in June or July of 1963, respondent contacted one Ralph C. Winstead, a convicted counterfeiter, and attempted to purchase counterfeit money from him.

On its second cause of action, complainant introduced several witnesses who gave detailed testimony in support of each allegation of the second cause of action.

As to the third cause of action, complainant presented testimony of one Moses Tart who testified that he saw respondent alter the note and deed of trust executed by Nancy Williams by changing the amount of the indebtedness stated on the note and deed of trust from $200.00 to $2200.00, and that respondent told Tart at the time that no one would know the difference. The deed of trust was thereafter recorded in the Johnston County Registry.

We have stated only a small portion of the voluminous testimony presented by the complainant. The trial court very properly overruled the motions to nonsuit.

Respondent noted 43 exceptions to the trial court's charge; in fact, he excepted to most of the charge and then by exception No. 70, "[d]efendant objects and excepts to the charge of the Court as a whole." Although respondent's numerous exceptions to the charge probably amount to a broadside exception, we have given careful consideration to the charge and each objection made by the respondent. We do not deem it necessary to discuss the numerous ex-

ceptions and assignments of error related to the charge but hold that the charge was without prejudicial error.

We have considered each of respondent's assignments of error, and find them without merit. They are all overruled.

The respondent had a fair trial in his home county where a jury of his peers answered appropriate issues against him. The judgment of the Superior Court predicated thereon is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.