MILTON GRIMES v. SHERRILL S. GIBERT, CELIA GIBERT, EDWARD HARPER BROWN, ADMINISTRATOR OF THE ESTATE OF EDWARD M. BROWN, DECEASED, CHARLES BULLINS, RONALD W. MOORE AND HOWARD J. BEST

No. 6914SC388

(Filed 22 October 1969)

1. Negligence § 8— proximate cause defined

Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result, was probable under the existing facts.

2. Negligence § 8— proximate cause — immediate cause

Proximate cause and immediate cause are not synonymous, since a proximate cause may be an act or omission which does not immediately precede the injury or damage.

3. Negligence § 8— several proximate causes

It is not required that the negligence of defendant be the sole proximate cause of the injury or the last act of negligence in sequence of time in order to hold defendant liable therefor, it being sufficient if defendant's negligence is one of the proximate causes.

4. Negligence § 9— foreseeability as element of proximate cause

Foreseeability, as an element of proximate cause, does not require that the tort-feasor should have been able to foresee the injury in the precise form in which it occurred, but only that in the exercise of reasonable care he could have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected.

5. Pleadings § 19— demurrer — construction of pleadings

Upon demurrer a pleading will be liberally construed with a view to substantial justice between the parties, giving the pleader the benefit of every reasonable intendment in his favor.

**6. Automobiles §§ 43, 87; Negligence § 10—— demurrer on ground complaint shows intervening negligence — concurring negligence — sufficiency of allegations**

In this action for personal injuries resulting from collisions of automobiles, the complaint is sufficient to show actionable negligence on the part of defendant Moore and does not disclose as a matter of law that the negligence alleged against Moore was insulated by the alleged negligence of the other defendants, where it is alleged that defendant Moore negligently parked his vehicle partially on the main-traveled portion of the highway in violation of G.S. 20-161 in order to illuminate the car of defendant Brown, that after Brown's car was started Moore's car became stalled, that defendant Moore negligently assisted Brown by directing Brown to turn around in the highway to a point behind his own vehicle, with the result that Brown's car was stopped diagonally across plaintiff's lane of travel, that defendant Moore failed to keep a proper lookout at a time when he, by the exercise of reasonable care, should have seen that his actions would affect oncoming traffic, that Moore failed to take safety precautions to warn oncoming traffic of the hazard he had created, that the automobile in which plaintiff was riding, driven by defendant Gibert, struck defendant Brown's automobile and then was struck by defendant Best's automobile, and that the negligence of defendant Moore joined and combined with the negligence of the other defendants in causing plaintiff's injuries, the complaint being sufficient to show that the alleged negligence of defendant Moore in illegally parking on the highway and in failing to warn of a hazard to which he contributed or created existed and was active at the time of the collisions.

**7. Negligence § 10—— intervening negligence**

The test of whether the negligent conduct of one tort-feasor is insulated as a matter of law by the independent act of another is whether the intervening act and the resultant injury could have been reasonably foreseen and expected by the author of the primary negligence.

**8. Negligence § 36—— intervening negligence — jury question**

The question of intervening negligence is ordinarily for the determination of the jury.

APPEAL by plaintiff from *Brewer, J.,* at the 19 May 1969 Session of DURHAM Superior Court.

This is a civil action to recover damages for personal injuries resulting from the collisions of motor vehicles alleged to have been caused by the negligence of the defendants. The complaint alleges that the following occurred:

On 25 May 1967, at approximately 12:24 a.m., plaintiff was riding as a guest passenger in an automobile co-owned and being driven by the defendant Sherrill S. Gibert (Gibert). They were traveling north in the easternmost lane on U.S. Highway #15 which contains two lanes for northbound traffic, and collided with a stopped Chevrolet being operated by Edward M. Brown (Brown), defendant

Brown's intestate, thereby propelling Brown's car into the stopped Chevrolet of the defendant Ronald Moore (Moore). Gibert's automobile then continued in a northern direction on U.S. Highway #15, spun around and came to rest facing south in the western northbound lane of U.S. Highway #15. Gibert's car was then struck by a Buick being operated by defendant Howard J. Best (Best), which was traveling in a northern direction on U.S. Highway #15. Adjacent to the easternmost lane for northbound traffic was a ten-foot paved shoulder.

Paragraphs 13 and 17 of the complaint are as follows:

13.   "That as the plaintiff is informed, believes and so alleges that on May 25, 1967, at approximately 12:24 A.M. the Defendant, Ronald W. Moore, was operating a 1956 rust-colored Chevrolet automobile in a northern direction along the easternmost lane of U.S. Highway #15 in Durham County, North Carolina, and parked said automobile in a negligent manner partially on the main-travelled portion of the easternmost northbound lane of U.S. Highway #15 behind a 1956 Chevrolet black automobile owned by the Defendant, Charles Bullins, and being operated by the Defendant, Edward Harper Brown's intestate, Edward M. Brown, at a point located on said highway approximately 296 feet north of the U.S. Highway #70 overpass; that the Defendant, Ronald W. Moore did leave said 1956 rust-colored Chevrolet automobile standing upon the paved and main-travelled portion of U.S. Highway #15, outside of a business or residence district, at a time when it was practicable to park said vehicle standing off of the main-travelled portion of said highway; that while said 1956 rust-colored Chevrolet was negligently parked as aforesaid the Defendant, Ronald W. Moore did continue to use the Chevrolet vehicle to illuminate a stalled vehicle immediately in front of him; that thereafter the Defendant, Ronald W. Moore, was unable to start the engine of said rust-colored Chevrolet and in furtherance of the use of said vehicle and in order to start the engine of same negligently assisted the Defendant, Edward Harper Brown's intestate, Edward M. Brown, by directing the said Brown to turn the 1956 black Chevrolet automobile owned by the Defendant Charles Bullins, around in the two northbound lanes of U.S. Highway #15 to a point behind the Defendant, Ronald W. Moore's vehicle in order to push the Moore vehicle; that the said Ronald W. Moore failed to keep a proper lookout at a time when he saw or by the exercise of reasonable care should

have seen that his actions would affect oncoming traffic on U.S. Highway #15 headed north; and that as the Plaintiff is further informed, believes and so alleges the negligence of the Defendant, Ronald W. Moore, as hereinbefore alleged, joined and combined with the negligence of the other Defendants as hereinafter alleged in causing the Plaintiff's severe and serious injuries as hereinafter alleged."

17. "That as the Plaintiff is informed, believes and so alleges the Defendant, Ronald W. Moore, was careless and negligent at the time, date and place of the herein described collision in that:

(a) He did operate a motor vehicle under [sic] a public highway of the State of North Carolina and did park his vehicle upon the paved or main-travelled portion of the highway, outside of a business or residence district, when it was practicable to park said vehicle standing off of the paved or main-travelled portion of said highway, in violation of North Carolina General Statute State Section 20-161(a).

(b) He did operate a motor vehicle upon a public highway of the State of North Carolina without keeping a proper lookout.

(c) He did negligently use his vehicle to illuminate a stalled vehicle immediately in front of him and in furtherance of the use of his vehicle and in order to start same he did negligently assist the Defendant, Edward Harper Brown's intestate, Edward M. Brown, by directing him to turn his vehicle around in two northbound lanes of traffic of U.S. Highway #15 to a point behind his own vehicle.

(d) He did, while using his vehicle, fail to keep a proper lookout.

(e) He failed to take any safety precautions to warn oncoming traffic against the hazard he had created."

Plaintiff then alleged that Moore's negligence was one of the proximate causes of the collisions and plaintiff's resulting injuries and that Moore's negligence concurred with the negligence of the other defendants to proximately cause the collisions and injuries.

In paragraph 14 of the complaint, plaintiff alleged that Brown drove his vehicle partially behind Moore's parked vehicle, "leaving the rear portion of * * * [Brown's] automobile extended diagonally out into and across the easternmost northbound lane of U.S. Highway #15."

Moore demurred to the complaint for that "* * * the Complaint does not state facts sufficient to constitute a cause of action against this defendant in that it does not state facts sufficient to show any negligence on the part of this defendant which was a proximate cause of the collisions complained of or of the plaintiff's injuries."

From the sustaining of the demurrer as to defendant Moore, plaintiff appeals.

*Powe, Porter & Alphin by Willis P. Whichard and W. Travis Porter for plaintiff appellant.*

*Spears, Spears, Barnes & Baker by Alexander H. Barnes for defendant appellee Moore.*

BRITT, J.

The question for determination is whether the complaint states facts sufficient to show any negligence on the part of defendant Moore which was a proximate cause of the collisions in which plaintiff was injured. More specifically, does it affirmatively appear upon the face of the complaint, as contended by defendant Moore, that the negligence alleged against him by plaintiff was superseded and completely insulated by the intervening negligence of the other defendants involved so that his negligence did not constitute a proximate cause of the collisions? We think not.

[1-4]   Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result, was probable under the facts as they existed. 6 Strong, N.C. Index 2d, Negligence, § 8, p. 18. A proximate cause may involve an act or omission which does not immediately precede the injury or damage, and therefore, proximate cause and immediate cause are not synonymous. *Stewart v. Gallimore,* 265 N.C. 696, 144 S.E. 2d 862. There may be more than one proximate cause of an injury, and it is not required that the negligence of the defendant be the sole proximate cause of the injury or the last act of negligence in sequence of time in order to hold defendant liable therefor, it being sufficient if defendant's negligence is one of the proximate causes. 6 Strong, N.C. Index 2d, Negligence, § 8, p. 19. Although foreseeability of injury is an essential element of proximate cause, 6 Strong, N.C. Index 2d, Negligence, § 9, p. 22, the

test of such foreseeability does not require that the tort-feasor should have been able to foresee the injury in the precise form in which it occurred. All that the plaintiff is required to prove on the question of foreseeability, in determining proximate cause, is that in the exercise of reasonable care the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected. *Riddle v. Artis,* 243 N.C. 668, 91 S.E. 2d 894.

[5] It is elementary that upon demurrer a pleading will be liberally construed with a view to substantial justice between the parties, giving the pleader the benefit of every reasonable intendment in his favor. *Pardue v. Speedway, Inc.,* 273 N.C. 314, 159 S.E. 2d 857; *State Bar v. Temple,* 2 N.C. App. 91, 162 S.E. 2d 649. And a demurrer will not be sustained unless the pleading is wholly insufficient or fatally defective. *Givens v. Sellars,* 273 N.C. 44, 159 S.E. 2d 530.

[6] Here, the plaintiff alleges in essence that Moore parked his automobile in a negligent manner partially on the main-traveled portion of U.S. Highway #15 in order to illuminate the automobile of defendant Brown; that after Brown's car was started Moore's car became stalled; that Moore then directed Brown to turn his (Brown's) automobile around in the northbound lanes of the highway to a point behind Moore's automobile in order to push the Moore vehicle with the result that Brown's car was stopped diagonally across the easternmost northbound lane; and that Moore failed to keep a proper lookout at a time when he, by the exercise of reasonable care, should have seen that his action would affect northbound traffic on U.S. Highway # 15. Plaintiff further alleges the negligence of Moore joined and combined with the negligence of the other defendants in causing plaintiff's injuries. The complaint does allege acts or omissions on the part of Moore which show that had he exercised reasonable care he would have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected.

The complaint is also sufficient to withstand a demurrer on the ground that the negligence of the other defendants intervened and insulated the negligence of Moore. In *Riddle v. Artis, supra,* it is said:

"* * * [A]n intervening cause which will relieve the original wrongdoer of liability must be a new cause intervening between the original negligent act or omission and the injury ultimately suffered, which breaks the chain of causation set in motion by

the original wrongdoer and becomes itself solely responsible for the injuries. It must be an independent force which turns aside the natural sequence of events set in motion by the original wrongdoer 'and produces a result which would not otherwise have followed, and which could not have been reasonably anticipated.' [Citation]

\* \* \* In order for the conduct of the intervening agent to break the sequence of events and stay the operative force of the negligence of the original wrongdoer, the intervening conduct must be of nature and kind that the original wrongdoer had no reasonable ground to anticipate it. [Citation]

'The test by which the negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another is, reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury.' [Citations]"

[7, 8] As Denny, J. (later C.J.), said in *Bryant v. Woodlief,* 252 N.C. 488, 114 S.E. 2d 241, and cited with approval in *Nance v. Parks,* 266 N.C. 206, 146 S.E. 2d 24: "The test of whether the negligent conduct of one tort-feasor is to be insulated as a matter of law by the independent act of another \* \* \* is whether the intervening act and the resultant injury is one that the author of the primary negligence could have reasonably foreseen and expected \* \* \*. We think it the more correct rule that, except in cases so clear that there can be no two opinions among men of fair minds, the question should be left to the jury to determine whether the intervening act and the resultant injury were such that the author of the original wrong could reasonably have expected them to occur as a result of his own negligent act. \* \* \*" In *Moore v. Beard-Laney, Inc.,* 263 N.C. 601, 139 S.E. 2d 879, it was held that the question of intervening negligence is ordinarily for the determination of the jury.

[6] The complaint alleges that Moore was negligent in assisting Brown by directing him to turn his vehicle around in the two northbound lanes of traffic to a point behind his own vehicle, resulting in Brown's car stopping diagonally across a northbound traffic lane. This would tend to show that defendant Brown's actions would not constitute an intervening independent force which turns aside the natural sequence of events which Moore set in motion and therefore would not insulate Moore. It also cannot be said as a matter of law that Moore had no reasonable ground to anticipate or foresee the intervening conduct of some or all of the other defendants. It is

reasonable to say that a man of ordinary prudence could foresee that by parking his vehicle partially on the traveled portion of the highway and by directing a second vehicle to a position in the highway behind his own vehicle and diagonally across a traffic lane could cause the collision and injury herein alleged.

We think that the elements of negligence alleged against Moore are sufficient to imply actionable negligence on his part and that the complaint does not disclose on its face that the negligence alleged against Moore was insulated by the alleged negligence of the other defendants.

In support of his contention that we should affirm the judgment sustaining his demurrer, Moore strongly relies on the decision of this Court in *Clarke v. Holman,* 1 N.C. App. 176, 160 S.E. 2d 552, affirmed by the Supreme Court by opinion in 274 N.C. 425, 163 S.E. 2d 783; also *Potter v. Frosty Morn Meats, Inc.,* 242 N.C. 67, 86 S.E. 2d 780. We think those cases are distinguishable from the case at bar.

In *Clarke,* plaintiff and defendant Townsend were meeting each other in daylight hours on a two-lane paved highway. Townsend intended to turn left across plaintiff's lane of travel into an intersecting rural paved road. When Townsend stopped in his lane preparatory to making his left turn, plaintiff was 1700 feet away but other oncoming traffic made it necessary for Townsend to wait; defendant Holman, who was traveling in the same direction as Townsend, was nowhere in sight when Townsend stopped. Some thirty to forty-five seconds after Townsend stopped, Holman struck him from the rear, then crossed over into the left lane and struck the oncoming car occupied by plaintiff. Townsend's vehicle was visible to Holman at least 300 feet before reaching it. The Supreme Court affirmed this Court in holding the case should have been nonsuited as to Townsend. We quote from the Supreme Court opinion: "Plaintiff charges Townsend with negligence (1) in failing to signal his intention to stop, (2) in failing to give a signal of his intention to make a left turn, and (3) in failing to maintain such signal until the left turn was completed. * * * Neither plaintiff's vehicle nor Holman's vehicle were in any wise affected by (Townsend's) stopping or standing without giving the left turn signal. Holman later came upon the Townsend vehicle lawfully stopped on the highway and crashed into it because he was not keeping a lookout in his direction of travel. * * * Holman's negligence in this respect was the sole proximate cause of the collision and the resulting injury to plaintiff. * * * [T]he evidence warrants the inference that there was no causal con-

nection whatever between the failure * * * to give a hand signal and the subsequent collision."

In *Potter,* the only negligence alleged against the driver of the parked vehicle was that he failed to give a signal of his intention to stop and was driving carelessly and at an unlawful speed. The court's holding is succinctly stated in the third headnote to the opinion as follows: "Where a truck has been stopped on the highway for an appreciable length of time, the fact that the driver of the vehicle failed to give signal of his intention to stop cannot be a proximate cause of a rear-end collision." Of course, the allegations of reckless driving and excessive speed had no application to a vehicle parked on the highway.

In *Clarke* and *Potter,* the collisions occurred during daylight hours under favorable weather conditions. The negligence alleged against the drivers of the parked vehicles had become completely passive, therefore, such negligence did not concur with the intervening negligence of a third party in causing the collision. In the instant case, acts and omissions of negligence alleged — illegal parking on the highway and failure to warn of a hazard created or contributed to by Moore — existed and were active at the time of the collisions.

The judgment of the superior court is

Reversed.

MALLARD, C.J., and VAUGHN, J., concur.