THE NORTH CAROLINA STATE BAR, COMPLAINANT v. ELAM REAMUEL TEMPLE, ATTORNEY AT LAW, SMITHFIELD, NORTH CAROLINA, RESPONDENT

No. 6911SC489

(Filed 22 October 1969)

1. Appeal and Error § 39—— failure to aptly docket record on appeal

Appeal is dismissed by the Court of Appeals *ex mero motu* for failure to docket the record on appeal within 90 days after the order appealed from as required by Rule 5. Court of Appeals Rule No. 48.

2. Criminal Law § 131—— new trial for newly discovered evidence — discretion of court

Motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and decision of the

trial court on such a motion is not reviewable absent an abuse of discretion.

APPEAL from *Hobgood, J.,* 31 March 1969 Session of JOHNSTON County Superior Court.

This is an appeal by the respondent from an order and a judgment entered on 5 May 1969. The order denied respondent's motion for a new trial on the grounds of newly discovered evidence. The judgment affirmed a prior judgment disbarring respondent from the practice of law and ordered that judgment into effect from 29 January 1969, the date an opinion of this court affirming the judgment of disbarment was certified to the Clerk of Superior Court of Johnston County.

*Robert B. Morgan, Attorney General, for plaintiff appellee.*

*E. R. Temple in propria persona.*

GRAHAM, J.

Judgment disbarring the respondent from the practice of law was entered 24 October 1967 after a jury had found him guilty of six separate acts of fraudulent and unprofessional conduct. The respondent's appeal was docketed and calendared but he did not appear in this court to argue. His appeal was nevertheless given thorough consideration and all assignments of error were disposed of in the opinion of Britt, J., *State Bar v. Temple,* 2 N.C. App. 91, 162 S.E. 2d 649. Thereafter the respondent petitioned for a rehearing, specifically requesting that oral arguments be directed. His petition was granted and the matter was duly docketed and calendared for hearing. Again the respondent did not appear to argue, nor did the attorney who signed his brief. The respondent's assignments of error were again found to be without merit. *State Bar v. Temple,* 3 N.C. App. 73, 164 S.E. 2d 13. On 3 December 1968 the respondent filed notice of appeal in the Supreme Court of North Carolina, alleging he was appealing as a matter of right. The appeal was dismissed by the Supreme Court on 21 January 1969. On 12 February 1969, the respondent filed a motion for a new trial in the Supreme Court on the grounds of newly discovered evidence. Upon being advised that the matter was not then pending in the Supreme Court, the respondent filed a similar motion in the Superior Court of Johnston County. The order denying that motion and the entering of the formal judgment of execution are the subject of this appeal.

[1]  The order and judgment appealed from are dated 5 May 1969.

To properly effect this appeal it was necessary that the respondent docket the record on appeal in this court within ninety days after 5 May 1969. Rule 5, Rules of Practice in the Court of Appeals of North Carolina. The ninetieth day was on Sunday, 3 August 1969, so the respondent had through Monday, 4 August 1969, to docket the appeal. However, the appeal was not docketed in this court until 26 August 1969. No order appears in the record before us extending the time within which the appeal could be docketed and in accordance with the practice of this court and pursuant to Rule 48, Rules of Practice, *supra*, this appeal is dismissed *ex mero motu* for failure to docket within the time prescribed by Rule 5.

[2] In dismissing this appeal we nevertheless note that the respondent's motion for a new trial was addressed to the sound discretion of the trial court. The decision of the trial court is not reviewable absent an abuse of discretion and no such abuse has been shown. *State v. Morrow*, 264 N.C. 77, 140 S.E. 2d 767; *Allen v. Gooding*, 174 N.C. 271, 93 S.E. 740. The defendant's motion and affidavits fall far short of establishing the necessary prerequisites for granting a new trial on the basis of newly discovered evidence. *State v. Casey*, 201 N.C. 620, 161 S.E. 81.

Appeal dismissed.

CAMPBELL and PARKER, JJ., concur.